IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
| | ) |
| | ) Civil Action File |
| Plaintiff, | ) No. 4:19-cv-00350-ALM-CAN |
| | ) |
| v. | ) |
| | ) |
| GRAND INCENTIVES, INC. and | ) |
| TIME TRAVEL OF POMPANO | ) |
| BEACH, INC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Currently pending before the Court is Grand Incentives, Inc. and Time Travel of Pompano Beach, Inc.'s (collectively "Defendants") Motion to Dismiss (Doc. 9) and Motion for Sanctions (Doc. 10) (collectively "Motions"). Briefing closed on the Motions on July 22, 2019. Defendants file this their Notice of Supplemental Authority ("Notice") to bring to the Court's attention supplemental authority relevant to the Motions.

Specifically, Defendants call to the Court's attention *Cunningham v. Carribbean Cruise Line, Inc.*, 3:13-cv-01040, 2015 U.S. Dist. LEXIS 13204 (M.D. Tenn. Feb. 4, 2015) *report and recommendation adopted,* 2015 U.S. Dist. LEXIS 34305, *vacated in part*, 2015 U.S. Dist. LEXIS 192605 (vacated on unrelated grounds). In the instant case, Plaintiff postures as though an alleged single telephone call to a non-forum, Tennessee area code, cell phone number received by Plaintiff while Plaintiff was in Texas, the forum jurisdiction, from Florida corporation Defendants is sufficient to establish personal jurisdiction in Texas in a lawsuit arising out of alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq*. However, Plaintiff is well aware that such allegations, especially by this Plaintiff, could only be made in bad faith. *See Carribbean Cruise Line, Inc.*, 2015 U.S. Dist. LEXIS 13204 at *12-19.

Previously, Plaintiff has postured as though alleged multiple (at least (6)) telephone calls to Plaintiff's non-forum, North Carolina area code, cell phone number received by Plaintiff while Plaintiff was in Tennessee, the forum jurisdiction, from a Florida corporation defendant was sufficient to establish personal jurisdiction in Tennessee in a lawsuit arising out of alleged violations of the TCPA. *Id.* The court rejected Plaintiff's posture and dismissed his claims for want of personal jurisdiction. *Id.* It is difficult to imagine a more factually analogous case that might be applied to a scenario demonstrating a party's firsthand knowledge that his conduct and/or posture could not be reasonably believed to be in good faith.[1]

In his Response to Defendants' Motion for Sanctions ─ which is based in part on Plaintiff's failure to file the Complaint in good faith ─ Plaintiff argues, "the Defendants would have to argue and prove not that personal jurisdiction in this case is lacking, but that Plaintiff couldn't have reasonably thought that personal jurisdiction was proper in Texas, despite having received an offending call in Texas." (Doc. 16 ¶ 11). As outlined in the Motions and Replies in Support thereof Defendants need not prove personal jurisdiction in this case is lacking. Instead, it is Plaintiff's burden to set forth a prima facie case of personal jurisdiction. Nonetheless, as Plaintiff has suggested to be required, the Motions, Replies in Support thereof, and this Notice establish that Plaintiff could not have reasonably thought that jurisdiction was proper in Texas.[2] Plaintiff's failure to cite his own case and to instead expend the Parties and the Court's resources citing a variety of cases and offering a purported affidavit for an attempted end run around precedent is telling. Plaintiff's relevant conduct is in the record, and he has stated his belief that the Court will

---

[1] Especially considering that the primary factual distinction is that in the instant case Plaintiff alleges a single phone call is sufficient to establish personal jurisdiction already knowing that six (6) similar calls were held as insufficient to establish personal jurisdiction in a similar case.

[2] The Motions and Replies in Support thereof are sufficient to establish the same, but this Notice will further establish the fallacy of Plaintiff's position.

-3-

not do a thing to deter or punish it. [*See* Doc. 10 at 3]. Defendants' ask that the Court review the

Notice of the aforementioned case law when ruling on their Motions.

Respectfully submitted, this 26th day of July 2019.

| | |
|---|---|
| BROWN FOX, PLLC<br>/s/John Lacy Freeman<br>JOHN L. FREEMAN<br>STATE BAR BAR NO. 07425500<br>8111 Preston Road, Suite 300<br>Dallas, TX  75225 | john@brownfoxlaw.com<br>(214) 396-9280 (Telephone)<br>(214) 327-5001 (Facsimile)<br>**ATTORNEYS FOR DEFENDANTS** |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
| Plaintiff, | ) Civil Action File |
| | ) No. 4:19-cv-00350-ALM-CAN |
| v. | ) |
| GRAND INCENTIVES, INC., and TIME TRAVEL OF POMPANO BEACH, INC., | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** via U.S. Mail, first-class postage prepaid and addressed as follows:

Craig Cunningham
3000 Custer Road
Suite 270-206
Plano, Texas 75075

This 26th day of July 2019.

BROWN FOX, PLLC

/s/John Lacy Freeman
JOHN L. FREEMAN (BAR NO. 07425500)
8111 Preston Road, Suite 300
Dallas, TX 75225
john@brownfoxlaw.com
(214) 396-9280 (Telephone)
(214) 327-5001 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**