IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
| | ) |
| | ) Civil Action File |
| Plaintiff, | ) No. 4:19-cv-00350-ALM-CAN |
| | ) |
| v. | ) |
| | ) |
| GRAND INCENTIVES, INC. and | ) |
| TIME TRAVEL OF POMPANO | ) |
| BEACH, INC., | ) |
| | ) |
| Defendants. | ) |

**JOINT REPORT OF RULE 26(f) ATTORNEY CONFERENCE**

COME NOW, Plaintiff Craig Cunningham ("Plaintiff") and Defendants Grand Incentives, Inc. and Time Travel of Pompano Beach, Inc. ("Defendants"), and hereby submit this Joint Report of Rule 26(f) Attorney Conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure:

**1.     A brief factual and legal synopsis of the case:**

Plaintiff:  Plaintiff received at least one telemarketing call in violation of the TCPA that contained a pre-recorded message and was initiated using an automated telephone dialing system without the Plaintiff's consent and with no emergency purpose.[1]

Defendants:  Plaintiff alleges that on April 12, 2019, he received a call initiated using an automated telephone dialing system and pre-recorded message to his 615-XXX-XXXX cellular telephone number (the "Call"). Plaintiff's cellular telephone number features a 615 Nashville, Tennessee area code. Plaintiff maintains he is uncertain of the total number of applicable calls he

---

[1] Where responses are noted as from Plaintiff or from Defendants (collectively Plaintiff and Defendants shall be referred to as the "Parties"), as is noted here in response to prompt number 1, the Parties elect to provide their own unique responses.

received, but he does not affirmatively allege that he received more than the single Call. Plaintiff purports to have identified Defendants or their agents or affiliates as the offenders behind the single Call leading Plaintiff to file the instant civil action against Defendants making claims for relief specifically as follows: 1) the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(b)(1)(A) prohibiting non-emergency robocalls to cellular telephones; 2) telemarketing without mandated safeguards, 47 C.F.R. § 64.1200(d); and 3) violations of the Texas Business and Commerce Code § 305.053. Each and all of Plaintiff's claims for relief should be dismissed for lack of personal jurisdiction over both Defendants, and Defendants have moved to dismiss Plaintiff's claims (Doc. 9).

2.  **The jurisdictional basis for this suit:**

    Plaintiff:  Federal question for subject matter jurisdiction. Personal jurisdiction is based on the calls being received in Texas.

    Defendants:  The Court has subject matter jurisdiction. However, for the reasons stated in Defendants' Motion to Dismiss and Brief in Support Thereof (Doc. 9), Reply in Support of Defendants' Motion to Dismiss (Doc. 17), and Defendants' Notice of Supplemental Authority (Doc. 19), personal jurisdiction over Defendants in this case does not exist.

3.  **A list of the correct names of the parties to this action and any anticipated additional or potential parties:**

    Plaintiff:  Craig Cunningham, Grand Incentives, Inc., Time Travel of Pompano Beach, Inc., and any 3rd party telemarketers and possible owners of the company.

    Defendants:  Craig Cunningham, Grand Incentives, Inc., and time Travel of Pompano Beach, Inc.

4. **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases:**

   Plaintiff: No other related cases.

   Defendants: There are no other related cases involving Defendants. However, Plaintiff is a serial pro se litigant regularly involved in similar lawsuits making similar claims. Plaintiff may be involved in cases potentially related to this case, but Defendants have no knowledge of any such cases at this time.

5. **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed:**

   The parties made their initial disclosures through the mail on Friday, August 2nd.

6. **Proposed Scheduling Deadlines:**

   | Date | Deadline |
   |---|---|
   | August 28, 2019 | Deadline for motions to transfer |
   | October 2, 2019 | Deadline to add parties |
   | October 30, 2019 | Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) |
   | November 13, 2019 | Deadline for Plaintiff to file amended pleadings (A motion for leave to amend is required.) |
   | November 27, 2019 | Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) |
   | November 27, 2019 | Deadline for Defendant's final amended pleadings (A motion for leave to amend is required.) |
   | 6 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all of the information necessary to make a ruling on any objection. |
   | November 27, 2019 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
   | February 5, 2020 | All discovery shall be commenced in time to be completed by this date. |
   | February 5, 2020 | Mediation must occur by this date |

| | |
|---|---|
| 6 weeks prior to mediation | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one |
| June 1, 2020 | Video Deposition Designations due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections. |
| June 6, 2020 | Motions in limine due<br>(File Joint Final Pretrial Order) |
| June 22, 2020 | Response to motions in limine due.<br><br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order. (This does not extend deadline to object to expert witnesses.)<br><br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |

**7. Describe in accordance with Rule 26(f):**

i. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

Plaintiff: None.

Defendants: For the reasons stated in Defendants' Motion to Dismiss and Brief in Support Thereof (Doc. 9), Reply in Support of Defendants' Motion to Dismiss (Doc. 17), and Defendants' Notice of Supplemental Authority (Doc. 19), Defendants state that discovery is not needed on any subjects and that this case may be properly disposed of by granting Defendants' Motion to Dismiss for lack of personal jurisdiction.

ii. Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding

    ESI that counsel for the parties are unable to resolve during the conference must be identified in this report.

 No such issues at this time.

 iii. Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the court for entry of a protective order. Unless a request is made for modification, the court will use the form found on the Eastern District website.

 No such agreements have been made or disputes exist at this time.

 iv. Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed, as well as

 <u>Defendants</u>: No such changes are necessary at this time, as no discovery is necessary to dispose of this case.

 v. Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c)

 No such orders are necessary at this time.

**8.** **State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The court will appoint a mediator if none is agreed upon.**

 <u>Plaintiff</u>: Parties had a settlement agreement in the Plaintiff's inbox ready for signature, but the Defendants refused to even review the possibility of the Plaintiff making any changes to 2 sentences which the Plaintiff found objectionable, and as a result this lawsuit followed.

 <u>Defendants</u>: Defendants deny any and all liability to Plaintiff, and deny allegations of improper activity or other wrongdoing in relation to the lawsuit. Nonetheless, in the spirt of

resolving a dispute, the Defendants have engaged in repeated settlement discussions pre-suit and through the 26(f) phone conference and the several days that followed the 26(f) telephone conference. Before the Parties could reach an agreement, Plaintiff filed suit in the Court even though he acknowledged the Court lacked personal jurisdiction over Defendants. Plaintiff filed this suit in this Court in a reckless effort to obtain perceived settlement leverage. In the most recent settlement discussions, Plaintiff substantially increased his demand from his pre-suit demand without support, and the Parties have articulated that they are, at this time far apart on settlement amount and settlement terms.

9. **The identity of persons expected to be deposed:**

   Plaintiff: The owners of the companies and respective 30(b)(6) representatives.

   Defendants: Depositions are not necessary to dispose of this case based on Defendants Motion to Dismiss (Doc. 9). Defendants reserve the right to supplement this response as necessary.

10. **Estimated trial time and whether a jury demand has been timely made:**

    Plaintiff: Jury Trial is requested and two to three (2-3) days is estimated.

    Defendants: The Parties estimate trial time of one (1) day. No formal jury demand has been made.

11. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client):**

    For the Plaintiff Pro Se:    Craig Cunningham

    For Defendants:              John Lacy Freeman

12. **Whether the parties jointly consent to trial before a magistrate judge:**

    The parties do not jointly consent to trial before a magistrate judge.

13. **Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference:**

None at this time, except that when Defendants' attorney received notice of the management conference scheduled for August 21, Defendants' attorney was already scheduled to be in Raleigh, North Carolina at a non-profit board meeting on August 21, and airline tickets have been purchased and hotel reservations have been made. Given that the parties agree on the Proposed Scheduling Deadlines and there are no other matters that the Court need to address at this time, Defendants request that the management conference set for August 21 be cancelled or reset to a later time.

Jointly and respectfully submitted, this 6th day of August 2019.

| | |
|---|---|
| /s/Craig Cunningham<br>3000 Custer Road<br>Suite 270-206<br>Plano, Texas 75075<br><br>Pro Se Plaintiff | /s/John L. Freeman<br>John L. Freeman<br>State Bar No. 07425500<br>8111 Preston Road, Suite 300<br>Dallas, TX 75225<br>john@brownfoxlaw.com<br>(214) 396-9278 (Key)<br>(214) 396-9280 (Freeman)<br>(214) 327-5001 (Facsimile)<br><br>Attorney for Defendants |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GRAND INCENTIVES, INC., and )<br>TIME TRAVEL OF POMPANO )<br>BEACH, INC., )<br>)<br>Defendants. ) | Civil Action File<br>No. 4:19-cv-00350-ALM-CAN |

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **JOINT REPORT OF RULE 26(f) ATTORNEY CONFERENCE** via U.S. Mail, first-class postage prepaid and addressed as follows:

Craig Cunningham
3000 Custer Road
Suite 270-206
Plano, Texas 75075

This 6th day of August 2019.

BROWN FOX, PLLC

/s/John Lacy Freeman
JOHN L. FREEMAN

State Bar No. 07425500
8111 Preston Road, Suite 300
Dallas, TX 75225
john@brownfoxlaw.com
(214) 396-9278 (Key)
(214) 396-9280 (Freeman)
(214) 327-5001 (Facsimile)

**ATTORNEY FOR DEFENDANTS**